## McRae v. Browning.

### [81 South. 123, Division B.]

LANDLORD AND TENANT. *Attachment. Replevin. Pleading. Issues.*

Where a landlord sued out an attachment against his tenant for
supplies furnished and the tenant replevined the crop seized,
under Code of 1906, section 2855, but did not in any of his
pleadings expressly raise any issue as to the particular farm
or plantation upon which the crops were grown so as to enable
the landlord to present the issue by replication that the crops
were grown on the rented premises. In such case, the tenant
could not object that the landlord did not show where the crop
was grown.

APPEAL from the circuit court of Tishomingo county.
HON. CLAUDE CLAYTON, Judge.

Suit by F. K. McRae against J. A. Browning. From
a judgment for defendant on appeal from a justice court,
plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Cunningham & Cunningham* and *W. C. Sweat,* for
appellant.

It will readily be seen from the record that two dis-
tinct issues were raised in this case, to-wit: First, was
Browning really the tenant of McRae? Second, was he
indebted to McRae for supplies furnished on the account
exhibited?

As to the first proposition by the evidence of McRae
it is put at rest because the evidence of McRae is clear
and unequivocal on the point.

On the second proposition we think the court erred
for two separate and distinct reasons, to-wit: First, no
issue had been joined as to whether or not the products
were grown upon the leased premises. Nothing had
ever been suggested to indicate that the appellee con-

templated such a defense to his cause of action, and we respectfully submit that the motion for that reason should not have been sustained. *Smith* v. *Jones,* 3 So. 741; also, *Bittle* v. *Paine,* 21 So. 250, when discussing this question the court said: "Indeed it is expressly declared in *Towns* v. *Boarman,* 23 Miss. 188, that 'in this proceeding the real subject of inquiry is whether any rent or supplies now is due,'" and nothing could be plainer from these cases than that a issue must be struck and the issue was struck in this cause between appellant and appellee on two points of issue and nowhere is an issue made as to where the agricultural products were grown on the leased premises of McRae and no such issue being before the jury, the court should not have excluded the evidence on this spurious issue even if the evidence failed to show where the agricultural products were raised. Second, the court erred in excluding the evidence on this proposition because the evidence we think shows sufficiently clear that the products were raised on the leased premises and in the year 1914.

*Bennett & Clarke,* for appellee.

The pleadings in this cause are stated by appellant in his brief, are substantially correct, but the affidavit made by the appellant, who was plaintiff in the court below, followed the form as laid down in section 2842, Code 1906, section 2340, Hemingway's Code, which said affidavit avers that the land was situated in Tishomingo county, Mississippi and description of the same given.

It is evident that the land on which a crop is sought to be distrained for rent, must be situated in the county, where suit is brought, and unless that is true the court will have no jurisdiction, and before plaintiff can recover he would have to prove that the crops were raised on land situated in Tishomingo county, and the record nowhere in this case shows where the land was situated, whether in Alabama, Mississippi, or some other county.

The clause in the affidavit situated in Tishomingo county, Mississippi, is one of the essential allegations of the affidavit, and under the law, the burden of proof is on plaintiff, to prove every essential allegation set forth in the affidavit, and by failure of the plaintiff to so prove this, the defendant was entitled to a peremptory instruction.

Counsel in his brief cites two cases, *Smith* v. *Jones*, 3 So. 740, and in that case the question there presented is not the same as presented in this case. In the Smith-Jones case the only question before the court was as to whether the mayor of the town of Fort Gibson, who was an *ex officio* justice of the peace, could issue an attachment for rent to be served outside the corporate limits of the town, but within the county. The court held that such mayor, had the same authority to issue such an attachment as any other justice of the peace of the county, and that a levee thereunder outside of the limits of the town, was not invalid.

Counsel also cites the case of *Bittle* v. *Payne*, 21 So. 250, a question in this case was as to whether the supreme court had jurisdiction on appeal, because the amount in controversy was only thirty-three dollars, and this was the only question presented to the supreme court, as to its jurisdiction, and the court so held that they had no jurisdiction of this case on appeal.

We respectfully submit that from the record in this case, and authority cited, that the same should be affirmed.

Stevens, J., delivered the opinion of the court.

Appellant as landlord sued out an attachment for supplies alleged to have been furnished his tenant, the appellee. Browning, the appellee filed his affidavit in replevin for the live stock and agricultural products seized, and gave bond for the forthcoming of the property. Issue was joined in the justice court, and

from the judgment rendered by the justice of the peace an appeal was prosecuted to the circuit court. On the trial of the case in the circuit court the appellee moved to quash the attachment because as alleged it did not state the appellee was a tenant. This motion was overruled, presumably because the affidavit does in fact state that Browning is a tenant. Thereupon appellee filed three separate written documents or pleas. In the first plea he denies being a tenant of appellant. In the second plea he files a counter affidavit, denying the correctness of the landlord's account, sets up credits which it was alleged he was entitled to on the account, and concludes by bringing the landlord out in debt to him, the tenant. In the third plea the appellee avers that a certain note for one hundred dollars claimed by the landlord was without consideration. Upon these issues a jury was impaneled and the case tried. At the conclusion of the testimony on behalf of the landlord, upon whom the burden of making out a case rested, there was a motion to exclude all of the testimony for the plaintiff and to grant the defendant a peremptory instruction. The ground of this motion is shown by the following quotation from the motion itself: "Because they never have shown where this crop was raised." This motion was by the court sustained, and from the adverse judgment entered in favor of appellee this appeal was prosecuted.

The plaintiff testified among other things: "Mr. Browning arranged with me to make a crop on my place. He later arranged for a loan of one hundred dollars to make purchases." That witness "furnished him with supplies," and that these supplies were obtained to make a crop on. That "the crop was being gathered. I requested a number of times that Mr. Browning cease the gathering of that crop. He wouldn't quit gathering it, so I sued out an attachment under my landlord's lien." That the tenant was doing away

with the crop, or "feeding it away." That upon remonstrating with the defendant as to his disposition of the crop the defendant "said he had nothing to do with it —it was his boy's crop," and thereupon denied owning the crop at all. Plaintiff also testified as to the correctness of the indebtedness claimed and the accuracy of the items for supplies furnished.

In the statutory form of pleadings prescribed by our Code, it is provided, among other things, by section 2864 that "the plaintiff may, in proper case, unite the said replications, or he may reply any other facts constituting a legal answer." By section 2855, Code of 1906, the tenant is expressly given a remedy against the landlord for an unlawful distress or seizure. In the present case the goods seized were replevied by the tenant, and in none of his pleadings did the tenant expressly raise any issue as to the particular farm or plantation upon which the crops were grown. The landlord testified about the condition of the crops, stating that they were insufficient to pay his demands and made other statements in reference to the "crop" for 1914. There is but one conclusion to be drawn from his testimony, and that is that he was talking about the crop raised upon lands belonging to the witness, and the fair inference from all the testimony for the plaintiff is that the crops spoken of by the witness were crops raised upon the leased premises. In view of the issues presented, it would be captious to say that the landlord as a witness should have accurately described his farm by governmental sections or by metes and bounds or to present a surveyor to show that the crops seized were indeed and in fact found upon the leased premises. Under the pleadings there was no dispute about that question; but, if there was, the general statements of appellant as a witness in his own behalf made out a case.

It was error to exclude the plaintiff's testimony and to grant the defendant a peremptory instruction.

*Reversed and remanded.*